**EQUICO LESSORS, INC., a Delaware corporation, Plaintiff-Appellant,**

v.

**TAK'S AUTOMOTIVE SERVICE, a Colorado partnership; Takao Shiramizu, an individual partner; and Gary L. Shiramizu, an individual partner, Defendants-Appellees.**

No. 83CA0709.

Colorado Court of Appeals, Div. III.

March 15, 1984.

Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., J. Michael Morgan, R. Daniel Scheid, Denver, for plaintiff-appellant.

Richard L. Dally, Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, Equico Lessors, Inc., (Equico) sought to recover payments in default under terms of an equipment lease agreement. The trial court dismissed the action after ruling a document crucial to Equico's case inadmissible. Equico appeals, and we reverse and remand for a new trial.

In February 1980, defendant Tak's Automotive Service (Tak's) entered into an equipment lease agreement (agreement) with Equico. The agreement was signed by defendant Gary L. Shiramizu. Shiramizu signed under the typed words "Tak's Automotive Service (a partnership)". That signature appeared on the agreement as follows:

"BY: [signature].
Its: Partner."

Also named as a defendant was Takao Shiramizu, Shiramizu's father.

In May 1982, Equico filed this action, and attached a photocopy of the agreement to the complaint as an exhibit. The photocopy was made from a carbon set duplicate of the agreement.

In defendant's answer, it was admitted that the agreement was signed by Gary Shiramizu, but it was denied that he was a partner of Tak's. In its trial data certificate, Equico listed the agreement as an exhibit to be offered at trial.

At trial, Equico sought to introduce the carbon set duplicate of the agreement into evidence. The original was at Equico's home office in Minnesota. Defendants objected to its introduction, and the trial court ruled the document inadmissible under CRE 1002 and 1003. At the close of Equico's case, the trial court granted Tak's oral motion to dismiss for failure to establish a prima facie case.

Equico contends that the trial court erred in refusing to admit into evidence the car-

bon set duplicate of the agreement. We agree.

CRE 1002 provides:

"To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute of the State of Colorado or of the United States."

CRE 1003 provides:

"A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

CRE 1001(4) defines "duplicate" as, in part: "a counterpart produced by the same impression as the original, or from the same matrix ... or by other equivalent techniques which accurately reproduce the original."

Here, defendants made no objection regarding the authenticity of the duplicate. At trial, they objected to its admission on the basis that the original of the agreement might have contained information that the duplicate did not, or vice versa, and therefore argued it would be unfair to admit it in lieu of the original. The court agreed and sustained the objection.

However, no evidence was presented that any such discrepancies existed. Defendants apparently argued that the original of the agreement did not contain information that Gary Shiramizu was signing in a partnership capacity.

Under CRE 1003, mere supposition that the original agreement *may* have been altered should not prevent introduction of the duplicate. *See* 5 *J. Weinstein & M. Berger, Weinstein's Evidence* § 1003[02] (1983).

Carbon copies are duplicate originals, and have often been ruled admissible without accounting for the original. *See Prutch v. Ford Motor Co.,* 40 Colo.App. 129, 574 P.2d 102 (1977). *See generally* Annot., 65 A.L.R.2d 342 (1959). The carbon copy here clearly qualifies as a duplicate under CRE 1003. Defendants admit that it is authentic, and we perceive no unfairness in admitting the duplicate, nor has any been demonstrated. Moreover, defendants made no attempt to obtain the original by discovery procedures. *See* (comment) CRE 1003. Under these circumstances, the trial court erred in refusing to admit this evidence.

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and METZGER, JJ., concur.